IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States, | ) | |
| | ) | |
|     *Respondent*, | ) | |
| | ) | |
| v. | ) | Case No: 14 C 50119 |
| | ) | |
| Robert Cobb, | ) | |
| | ) | |
|     *Movant*. | ) | Judge Frederick J. Kapala |

### ORDER

Cobb's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [1] is dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. No certificate of appealability shall issue from this court. This case is closed.

### STATEMENT

    This matter comes before the court for preliminary review of Robert Cobb's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On September 1, 2010, Cobb pleaded guilty to conspiracy to distribute more than one kilogram of heroin and fifty grams of cocaine base, in violation of 18 U.S.C. § 846. In exchange for Cobb's plea of guilty, the government withdrew its § 851 notice of prior conviction thereby reducing the statutory minimum sentence from twenty years to ten years. Cobb was sentenced to a total term of 245 months' imprisonment on January 5, 2011. Cobb filed a direct appeal and his conviction and sentence were affirmed. United States v. Block, et al., 705 F.3d 755 (7th Cir. 2013). Cobb's petition for writ of certiorari was denied on October 7, 2013. Cobb v. United States, 134 S. Ct. 211 (Mem) (2013).

    Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires this court to conduct a preliminary review of § 2255 motions. The rule states in relevant part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." For the following reasons, the court finds that Cobb is not entitled to relief.

    Cobb's first ground for relief is that he was sentenced in violation of the rule stated in Alleyne v. United States, 570 U.S. ___, 133 S. Ct. 2151 (2013), when this court increased the sentencing guidelines range based on a drug quantity finding which he did not admit to and which was not proven to a jury beyond a reasonable doubt. This argument is without merit for two reasons. First, Alleyne has not been made retroactively applicable to cases on collateral review. See Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). Second, even if Cobb could raise Alleyne in these proceedings it would afford him no relief because Alleyne holds only that facts that increase the minimum statutory punishment must be admitted or proven beyond a reasonable doubt. Alleyne, 133

S. Ct. at 2155. Alleyne does not affect fact finding for guidelines calculations purposes. See United States v. Hernandez, 731 F.3d 666, 672 (7th Cir. 2013); United States v. Claybrooks, 729 F.3d 699, 708 (7th Cir. 2013). In his written plea agreement and during his oral plea colloquy before the court, Cobb specifically acknowledged that the conspiracy to distribute heroin charge that he was pleading guilty to involved one kilogram or more of heroin. This admission satisfied Alleyne because it was sufficient to support the ten-year statutory minimum sentence. See 21 U.S.C. § 841(b)(1)(A). For these reasons, it plainly appears from the record of the prior proceedings that Cobb is not entitled to relief on his first ground.

Cobb's next ground is that his trial counsel was ineffective in (1) advising him that he would receive a sentence of no more than ten years, and for failing to (2) file a motion seeking dismissal on speedy trial grounds, (3) move for a severance, and (4) explain the essential elements of the offense. The court will address each instance of purported ineffectiveness of trial counsel in turn.

Even if it is true that trial counsel predicted that Cobb would receive no more than a ten-year sentence, a "mere inaccurate prediction of a sentence, standing alone, does not demonstrate the deficient performance component of a claim of ineffective assistance of counsel." United States v. Barnes, 83 F.3d 934, 940 (7th Cir. 1996). Moreover, Cobb has not shown that he was prejudiced by the prediction because the court specifically admonished him during the plea colloquy that the minimum sentence was ten years and the maximum was life and Cobb indicated that he understood and persisted in his guilty plea. In addition, Cobb signed a written plea agreement contemplating an anticipatory guidelines range of 235-293 months. Thus, the record plainly shows no deficient performance or prejudice arising from counsel's alleged sentence prediction.

Cobb's contention that counsel was ineffective in failing to file a motion to dismiss on speedy trial grounds is conclusory and the record plainly shows that the case was continued primarily on Cobb's motions for extensions of time to file pre-trial motions. In addition, this court made a finding excluding the time from the speedy trial period pursuant to § 3161(h)(7) each time the case was continued, and Cobb stipulated that the time was excludable in each instance. Therefore, the speedy trial period was tolled for various reasons between Cobb's arrest on December 16, 2009 and his guilty plea on September 1, 2010. Consequently, the record plainly shows that counsel's performance was not deficient for failing to move to dismiss on speedy trial grounds and that there was no resulting prejudice.

Cobb also contends that he would have had "a better opportunity for acquittal as well as a fair trial" had his case been severed from his co-defendants. However, a better chance of acquittal is not grounds to sever, see United States v. Stokes, 211 F.3d 1039, 1042 (7th Cir. 2000), and Cobb has not advanced any basis upon which such a motion could have been granted. Moreover, "[t]he presumption in favor of joint trials is especially strong when the defendants are charged with conspiracy." United States v. Chrismon, 965 F.2d 1465, 1476 (7th Cir. 1992). Hence, Cobb has not alleged facts showing that counsel's performance was objectively unreasonable or that he suffered any prejudice as result of his counsel's failure to move for severance.

Finally, even if it is true that trial counsel did not explain the elements of the conspiracy charge to Cobb, there was no prejudice. Contrary to Cobb's assertions in the instant motion, this court fully complied with Rule 11 at the change of plea hearing including informing Cobb of the nature of the charge to which he was pleading guilty, determining that he understood the elements,

and permitting him to ask any questions about the charge. See Fed. R. Crim. P. 11(b)(1)(G). Despite this clear admonishment, Cobb had no questions and persisted in his guilty plea. Therefore, the record plainly shows no deficient performance or prejudice arising from counsel's alleged failure to explain the elements of the conspiracy charge to Cobb.[1]

Cobb's next § 2255 ground is that trial and appellate counsel were ineffective in failing to raise the Alleyne issue. As explained above, Alleyne is not applicable to Cobb's case and therefore counsel were not deficient in failing to raise the issue and Cobb has not thereby suffered prejudice.

Cobb's final § 2255 ground is that trial and appellate counsel were ineffective in failing to obtain documentation concerning his prior state court convictions in order to "mount a challenge to his state convictions." This ground is based only on an insufficient conclusory allegation because Cobb does not provide any facts to support it or even explain why his state convictions were subject to collateral attack. See Gallo-Vasquez v. United States, 402 F.3d 793, 797 (7th Cir. 2005) (holding that the district court may deny a § 2255 motion without holding a hearing or requiring the government to respond if the motion rests on conclusory or speculative allegations rather than specific factual allegations). As such, this ground presents no basis for relief under § 2255 or to stay these proceedings to allow Cobb to challenge his state court convictions.

For these reasons, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court finds that Cobb is not entitled to relief under § 2255. Accordingly, the motion is dismissed. Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A movant must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Consistent with the above analysis, the court finds that no reasonable jurists would differ on this court's disposition of Cobb's § 2255 motion. Therefore, the court declines to issue a certificate of appealability.

Date: 7/7/2014

ENTER:

_____
FREDERICK J. KAPALA

District Judge

---

[1] Moreover, all the purported deficiencies in trial counsel's performance, except the one involving the failure to move to dismiss on speedy trial grounds, would be remedied by vacating Cobb's plea of guilty. However, Cobb is not seeking to withdraw his guilty plea in his § 2255 motion but, rather, he only seeks to be resentenced, thereby mooting his claims of ineffective assistance prior to his guilty plea. See Arave v. Hoffman, 552 U.S. 117, 117-19 (2008) (per curiam) (where habeas petitioner only seeks re-sentencing based on a finding of ineffective-assistance at sentencing, the ineffective-assistance claims regarding plea negotiations were rendered moot).